

PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
Greenbelt Division

IN RE:                                              *

LEONARD JAIGOBIN                                    *    Case No. 08-17826 PM
DBA BOB'S TRUCKING SERVICE                               Chapter 11
    Debtor-in-Possession                            *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER CONFIRMING FOURTH AMENDED PLAN OF REORGANIZATION

Upon consideration of the Fourth Amended Plan of Reorganization filed by the Debtor-in-Possession (the "Plan"), and a notice and copy of the Plan having been mailed to the creditors and other parties in interest and a hearing having been held, after proper notice, pursuant to 11 U.S.C. § 1128(a), this Court has determined:

    1.   The Plan complies with the provisions of Chapter 11 of the Bankruptcy Code.

    2.   The Debtor has complied with the provisions of Chapter 11 of the Bankruptcy Code.

    3.   The Plan has been proposed in good faith and not by any means forbidden by law.

    4.   Any payment made or promised by the Debtor for services or for costs and expenses incurred in connection with the same, or in connection with the Plan and incident to the case, has been disclosed to the Court and is reasonable or is subject to the approval of the Court.

    5.   The provisions of 11 U.S.C. §1129 (a)(6) are not relevant to the Debtor or the Plan.

  6. Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

  7. Each class of creditors or interest holders has accepted the Plan or is not impaired under the Plan, or the provisions of 11 U.S.C. § 1129 (b)(2)(B) and (c) have been complied with by the provisions of the Plan.

  8. Except where the holder of a particular claim has agreed, in writing, to different treatment of such claim, the Plan provides that:

    a. on the effective date of the Plan, each holder of a claim of a kind specified in § 507 (a)(1) of the Bankruptcy Code will receive on account of such claim cash equal to the allowed amount of the claim, or the holders of such claims have agreed to different treatment; and

    b. on the effective date of the Plan, each holder of a claim of the kind specified in § 507 (a)(8) of the Bankruptcy Code will receive on account of such claim monthly deferred cash payments, over a period not exceeding six years after the date of assessment of the claim, of a value, as of the effective date of the Plan equal to the allowed amount of the claim, plus interest at the statutory rate. The holders of the claims specified in § 507 (a)(8) have specifically agreed to allow their claims to be paid over a six (6) month period commencing upon the entry of this Order.

  9. No elections were made pursuant to the provisions of 11 U.S.C. § 1111(b).

  10. Confirmation of the Plan is not likely to be followed by the liquidation, except as specifically provided in the Plan, or the need for further financial reorganization of the Debtor.

  11. All fees payable under 27 U.S.C. §1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

  12. This Court therefore finds that the Plan complies with the requirements of 11 U.S.C. § 1129. Accordingly, it is,

  **ORDERED**: That the Plan, be, and the same hereby is CONFIRMED; and it is further

**ORDERED**: That all assets of the Debtor shall be held by the Debtor free and clear of the liens, claims, and interests of all creditors and other parties in interest provided for in the Plan, except for tax liens or as specifically provided in the Plan or this Order; and it is further

**ORDERED**: That until this case is closed, the Court shall retain jurisdiction of the case for the purposes set forth in the Plan, to determine any disputes which may arise thereunder, or as otherwise provided by the Bankruptcy Code; and it is further

**ORDERED**: That within five (5) days of the entry of this Order, Counsel for the Debtor shall mail a copy of this Order, to all parties in interst and file a certificate of mailing with the Court.

Copies to:

Robert K. Goren, Esq.
Goren, Wolff & Orenstein, LLC
15245 Shady Grove Road
Suite 465–North Lobby
Rockville, MD 20850

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Leonard Jaigobin
12609 Hill Creek Lane
Potomac, MD 20854

**END OF ORDER**